| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| NORTHERN DISTRICT OF ILLINOIS |
| Case number *(if known)* _____ Chapter **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  Repida, Inc.

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)  46-1714055

**4. Debtor's address**

Principal place of business

**180 Pembroke St., Fl. 1
Brooklyn, NY 11235**
Number, Street, City, State & ZIP Code

**Kings**
County

Mailing address, if different from principal place of business

**5504 Bergamot Lane
Naperville, IL 60564**
P.O. Box, Number, Street, City, State & ZIP Code

Location of principal assets, if different from principal place of business

_____
Number, Street, City, State & ZIP Code

**5. Debtor's website** (URL)  _____

**6. Type of debtor**
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

| Debtor | **Repida, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__4213__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. Check **all** *that apply*:

　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　■ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　☐ A plan is being filed with this petition.

　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | District | When | Case number |

Debtor **Repida, Inc.**
Name

Case number (*if known*)

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| | | | | |
|---|---|---|---|---|
| Debtor | **D&D Trans, Inc.** | Relationship | **Affiliate** |
| District | **Northern District of Illinois** | When | **5/16/24** | Case number, if known | **24-07279** |

**11. Why is the case filed in *this district*?**
*Check all that apply:*
☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**
■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)
☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard?
☐ It needs to be physically secured or protected from the weather.
☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
☐ Other

**Where is the property?**
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency
            Contact name
            Phone

### Statistical and administrative information

**13. Debtor's estimation of available funds**
*Check one:*
■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**
■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**
☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor  **Repida, Inc.**_____    Case number (*if known*)_____
     Name

| | | |
|---|---|---|
| **16. Estimated liabilities** | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ■ $1,000,001 - $10 million<br>☐ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

Debtor **Repida, Inc.**    Case number (*if known*)
Name

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **May 16, 2024**
MM / DD / YYYY

**X** **/s/ Ion Repida**                                **Ion Repida**
Signature of authorized representative of debtor    Printed name

Title   **President**

**18. Signature of attorney**

**X** **/s/ Saulius Modestas**                          Date **May 16, 2024**
Signature of attorney for debtor                        MM / DD / YYYY

**Saulius Modestas 6278054**
Printed name

**Modestas Law Offices, P.C.**
Firm name

**401 S. Frontage Rd.**
**Ste. C**
**Burr Ridge, IL 60527-7115**
Number, Street, City, State & ZIP Code

Contact phone **312-251-4460**      Email address **smodestas@modestaslaw.com**

**6278054 IL**
Bar number and State

Official Form 201    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**    page 5

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re **Repida, Inc.**                    Case No.
                                  Debtor(s)      Chapter **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **9,000.00** |
   | Prior to the filing of this statement I have received | $ **9,000.00** |
   | Balance Due | $ **0.00** |

2. The source of the compensation paid to me was:

   ■ Debtor      ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor      ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
       **Per attached retainer agreement**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
       **Per attached retainer agreement**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **May 16, 2024** | **/s/ Saulius Modestas** |
| *Date* | **Saulius Modestas 6278054** |
| | *Signature of Attorney* |
| | **Modestas Law Offices, P.C.** |
| | **401 S. Frontage Rd.** |
| | **Ste. C** |
| | **Burr Ridge, IL 60527-7115** |
| | **312-251-4460   Fax: 312-277-2586** |
| | **smodestas@modestaslaw.com** |
| | *Name of law firm* |

# CONTRACT FOR LEGAL SERVICES

The undersigned (hereinafter referred to as "client") hereby enters into this contract for legal services with the law firm of Modestas Law Offices, P.C. and attorney Saulius Modestas (hereinafter referred to as "attorney") and hereby agrees as follows:

1. The law firm of Modestas Law Offices, P.C. and attorney Saulius Modestas has been retained by client to perform legal services in connection with a Chapter 11 Bankruptcy.

2. Client agrees to pay for such services in the amount of **$530.00** per hour plus court costs and expenses (including, but not limited to copy charges, postage/mail service fees) and such additional fees and expenses as may be agreed upon hereafter. Such agreed upon fees are for services related to the preparation and filing of a Chapter 11 proceeding and all legal services necessary during the pendency of the Chapter 11 plan, including, but not limited to preparation of the petition, schedules, statement of affairs and Chapter 11 plan and attendance at the meeting of creditors and amendments to schedules, plan, petition, or statement of affairs, motions or objections presented by creditors, trustee and confirmation of plan.

3. As of the date of this contract, client has paid **$9,000.00** in attorney fees which amount shall be <u>deemed earned when paid</u> (hereinafter referred to as "Retainer") and has also advanced **$1,738.00** for the court filing fee. Client further agrees that any additional fees earned over such Retainer, if any, plus any additional fees shall be paid as a priority administrative claim and shall be paid by Client after appropriate application of attorney and approval of the court. In the event of dismissal of such Chapter 11 proceeding or conversion of such Chapter 11 proceeding or any other Chapter proceeding in bankruptcy, all fees, costs or expenses unpaid at such time or at any time thereafter shall be due and payable upon demand unless otherwise agreed in writing.

4. Client agrees to inform attorney of any difficulties client may have in complying with the contract and that this contract may be altered, changed or amended only by mutual agreement and approval by attorney in writing.

5. Client may terminate employment of attorney at any time but such termination will not alter any rights or duties of Client under this contract and such termination does not reduce the amount owed to attorney except by agreement in writing.

6. Client understands that any default under paragraph 2, 3 or 4 above may result in withdrawal by attorney but such withdrawal does not reduce the amount owing to attorney except by agreement in writing.

7. Client agrees that Client is responsible for all costs of collection, including all court costs and reasonable attorney's fees incurred by attorney in the collection of any sums due hereunder.

8. Client understands that from time to time another attorney from Modestas Law Offices, P.C. or Saulius Modestas may be not be able to appear in court or other proceedings on client's behalf and hereby agrees that another attorney may be designated by attorney to substitute for attorney at such court or other hearing.

9. To the extent that this contract is signed below by more than one individual then "Client" as used herein shall mean both the singular and plural of such terms and both individuals agree that they are jointly and severally liable for all obligations, including, but not limited to all sums due from Client provided herein. And any corporate officer signing below personally guarantees payment of any fees, costs and expenses incurred by the corporation pursuant to this agreement.

The undersigned has voluntarily entered into this contract and by the undersigned's signature(s) below agree to all the obligations rights and duties herein.

Dated this 29th day of April, 2024

Agreed and signed

| Repida, Inc. | Modestas Law Offices, P.C/Saulius Modestas |
|---|---|
| _____ | _____ |
| Ion Repida, President | Saulius Modestas, Attorney |

Saulius Modestas
Modestas Law Offices, P.C.
401 S. Frontage Road, Ste. C
Burr Ridge, IL 60527
312-251-4460
smodestas@modestaslaw.com
ARDC #6278054

## United States Bankruptcy Court
### Northern District of Illinois

In re **Repida, Inc.**

Debtor(s)

Case No.

Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Ion Repida**<br>**5504 Bergamot Lane**<br>**Naperville, IL 60564** | | **1000 Shares** | **Common Stock** |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **May 16, 2024**

Signature **/s/ Ion Repida**
**Ion Repida**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
### Northern District of Illinois

In re: **Repida, Inc.**
Debtor(s)

Case No.
Chapter **11**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: **4**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date: **May 16, 2024**

**/s/ Ion Repida**
**Ion Repida/President**
Signer/Title

```
De Lage Landen Fin Svs
1111 Old Eagle School Rd
Wayne, PA 19087


Huntington Bank
11000 Wayzata Blvd, Ste. 700
Minnetonka, MN 55305


SBA
PO Box 3918
Portland, OR 97208


Siemens Financial Services
301 Lindenwood Dr., Ste. 215
Plymouth Meeting, PA 19462
```

# United States Bankruptcy Court
## Northern District of Illinois

In re **Repida, Inc.**
Debtor(s)

Case No.
Chapter **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Repida, Inc.** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

| | |
|---|---|
| **May 16, 2024** | **/s/ Saulius Modestas** |
| Date | **Saulius Modestas 6278054** |
| | Signature of Attorney or Litigant |
| | Counsel for **Repida, Inc.** |
| | **Modestas Law Offices, P.C.** |
| | **401 S. Frontage Rd.** |
| | **Ste. C** |
| | **Burr Ridge, IL 60527-7115** |
| | **312-251-4460 Fax:312-277-2586** |
| | **smodestas@modestaslaw.com** |